**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                    No. 00-4905

JOHN O. ADAMS, JR.,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-99-176)

Submitted: June 5, 2001

Decided: June 29, 2001

Before MOTZ, KING, and GREGORY, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded with instructions by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Thomas B. Murphy, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

John O. Adams, convicted of criminal infringement of a copyright under 17 U.S.C.A. § 506 (West 1995), 18 U.S.C.A. § 2316 (West 2000), appeals the district court's imposition of mandatory restitution in the amount of $13,106.28 and denial of federal benefits to Adams for five years under 21 U.S.C.A. § 862(a) (West Supp. 1999). For the following reasons, we vacate these components of his sentence, and affirm his conviction and sentence in all other respects.

As a threshold matter, because Adams did not raise these assignments of error before the district court, in order to prevail on appeal, Adams must demonstrate plain error. Specifically, Adams must convince this Court that (a) an error was committed, (b) the error was plain, meaning obvious, (c) the error affects Adams' substantial rights, as it was so prejudicial as to affect the outcome of the proceedings, and (d) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Strickland*, 245 F.3d 368, 376 (4th Cir. 2001) (citing *United States v. Olano*, 507 U.S. 725, 731-32 (1993)); *United States v. Perkins*, 108 F.3d 512, 516 (4th Cir. 1997).

As to Adams' first claim, we find the district court's imposition of restitution under the Mandatory Victims Restitution Act of 1996, *codified in relevant part at* 18 U.S.C.A. §§ 3663A, 3664 (West 2000) ("MVRA"), must be vacated. Under the terms of the MVRA, Adams is subject to mandatory restitution only if his offense is punishable under Title 18 of the United States Code, and "an identifiable victim or victims has suffered physical injury or *pecuniary* loss." § 3663A(c)(1) (emphasis added). *See also United States v. Messner*, 107 F.3d 1448, 1455 (10th Cir. 1997) (requiring showing of actual loss as predicate to restitution under the MVRA). For the following reasons, we find the district court committed plain error with respect to the latter requirement.

Although Adams was charged with criminal infringement of a copyright for receiving a shipment of pirated videocassettes, those tapes were confiscated before Adams could sell them. In reviewing the damages available to a copyright holder as a result of an infringement, we have recognized that the benchmark of a copyright holder's actual loss is "plaintiff's loss plus defendant's gain." *Walker v. Forbes, Inc.*, 28 F.3d 409, 411-12 (4th Cir. 1994). At the very least, diminution in the fair market value of a copyright requires that profits be lost as a result of the infringement. *See Data General Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1170 (1st Cir. 1994). *See also Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 567 (1985) (setting baseline for injury in an infringement action as revenue lost as a result of the infringement); *Deltak, Inc. v. Advanced Sys., Inc.*, 767 F.2d 357, 361 (7th Cir. 1985) (finding measure of actual damages based on total number of copies rather than number actually distributed inappropriate). In this case however, the immediate confiscation of Adams' shipment prevented Adams from usurping the copyright holders' potential sales and deriving personal gain. In addition, on appeal the Government concedes, with commendable candor, that it failed to satisfy its burden of proving loss, *see* § 3664(a), (e), a necessary predicate to sustain an order of restitution. Accordingly, we find that despite Adams' violation of § 506, Adams' victims incurred no pecuniary loss within the meaning of § 3663A(c)(1), precluding applicability of the MVRA as a matter of law.

We further conclude that the district court's imposition of an unauthorized restitution order adversely affects Adams' substantial rights and implicates the fairness or integrity of judicial proceedings. *See United States v. Ubakanma*, 215 F.3d 421, 429 (4th Cir. 2000). Accordingly, we find the district court's order of restitution constitutes plain error, and vacate this portion of the district court's judgment.

Likewise, we conclude that the district court committed plain error in foreclosing Adams' eligibility for federal benefits for five years under § 862. As a preliminary matter, a review of § 862, entitled "Denial of Federal benefits to drug traffickers and possessors," indicates that this statute applies only to convictions for crimes relating to controlled substances, as the trigger for a denial of benefits under this section is a contemporaneous conviction for the distribution or pos-

session of a controlled substance. *See* § 862(a)(1), (b)(1). Because Adams' conviction relates only to his criminal infringement of a copyright, we find the application of § 862 to Adams to be an error that affected the outcome of the proceedings and sufficiently undermines the fairness of his conviction. *See Perkins*, 108 F.3d at 516. Accordingly, we find this aspect of Adams' sentence constitutes plain error as well.

Based on the foregoing, we vacate those provisions of Adams' sentence that impose restitution and preclude his eligibility for federal benefits, and remand with instructions to resentence Adams consistent with this opinion. Adams' conviction and sentence are affirmed in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid in the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED WITH INSTRUCTIONS*